**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

**CIVIL ACTION NO. 5:25-CV-00117-CRS**

**TIMMATHY A. MOORE** **PLAINTIFF**

**v.**

**ST. CLAIRE REGIONAL MEDICAL CENTER, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss this action.

**I.**

Plaintiff initiated this action asserting claims against multiple Defendants associated with Plaintiff's medical care during his incarceration throughout the Kentucky Department of Corrections. [DN 1, DN 9, DN 14]. The Court severed the claims against Defendants located in the Eastern District of Kentucky or Defendants associated with Plaintiff's care while incarcerated at the Eastern Kentucky Correctional Complex. [DN 18]. The only claims remaining in this civil action are the claims against Dr. Rebecca Feller and Norton Hospital[1] (hereinafter "Defendants").

Plaintiff alleges that on July 1, 2024, he went to Norton Hospital. He states that he was diagnosed with two pulmonary nodules, but Dr. Feller informed him that he had only one nodule. Plaintiff represents that another doctor wanted to do a biopsy, but the biopsy never occurred. He later learned that he had two spots on his lung and a spot on his "kidney/liver." Plaintiff complains

[1] Plaintiff refers to this Defendant as Nortins Physicians Services Hospital.

that neither Dr. Feller nor Norton Hospital informed him of these additional spots. Plaintiff asserts a constitutional claim and a medical malpractice claim. [DN 14 at 5].

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

III.

**A. § 1983 Claims**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues Norton Hospital and Dr. Feller. However, "a private party . . . does not automatically become a state actor under § 1983 simply because he provided medical treatment to a prisoner who later alleges deliberate indifference to serious medical needs." *Bills v. Corcoran*, No. CV 25-10676, 2025 WL 1384735, at *2 (E.D. Mich. May 12, 2025); *see also Phillips v. Tangilag*, 14 F.4th 524, 533 (6th Cir. 2021) ("private parties do not automatically become 'state' actors simply by caring for prisoners"). "The relevant standard for determining whether [a doctor] acted under color of state law focuses on 'the relationship among the State, the physician and the prisoner.'" *Scott v. Ambani*, 577 F.3d 642, 649 (6th Cir. 2009).

Plaintiff makes no allegations that there was a contractual relationship between Defendants and the Commonwealth of Kentucky to provide medical care for inmates. *See*, *e.g.*, W*alker v. Harris*, No. CV 23-12328, 2024 WL 3506715, at *4 (E.D. Mich. June 26, 2024). Furthermore, Plaintiff fails to allege that the prison officials had any role in the type of care rendered by Norton Hospital or Dr. Feller. As such, Defendants are not state actors for purposes of § 1983. Therefore, Plaintiff's § 1983 claims against Defendants must be dismissed for failure to state a claim upon

which relief may be granted.

**B. State-Law Claims**

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state-law claims against Defendants. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in situations when "the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: October 3, 2025

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.014